E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KAREN I. MEYER (Cal. Bar No. 220554)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8559
     E-mail:    kim.meyer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-00535-SVW-6 |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT JIAOZHU YAN'S APPLICATION FOR REVIEW OF ORDER OF DETENTION |
| v. | |
| JAIOZHU YAN, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Karen I. Meyer, hereby files its opposition to defendant JIAOZHU YAN's application for review of order of detention.

    This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further

evidence and argument as the Court may permit.

Dated: June 20, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


          /s/
KAREN I. MEYER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

As defendant concedes, defendant has no family ties in the United States, much less to the Central District of California, and there is no information concerning any relationship defendant may have to the new surety (Yu Cai) that defendant has proffered. The only information concerns Mr. Cai's employment as a chef and willingness to sign an appearance bond.[1]

The information concerning Yu Cai has no bearing on whether release conditions will reasonably assure defendant's appearance and the safety of the victims and the community. The Court should reject defendant's application.

**II.   DEFENDANT'S ARRIVAL AND STATUS IN THE UNITED STATES**

Defendant came to the United States from China in August 2016 on the pretense of enrolling in Texas Wesleyan University. As shown in Exhibit A, defendant failed to ever enroll, contrary to her stated intent in obtaining a student visa, which would have required defendant to leave the United States within 60 days after the

---

[1] Defendant reasserts grounds for release that were raised – and rejected – by Magistrate Judge Sagar at the initial hearing, including defendant's offer to sign her own appearance bond and the willingness of her roommate Yazhen "Jessica" Chen to sign an appearance bond. Because these grounds were raised at the initial hearing, defendant cannot now use these same grounds for review by this Court. A detention hearing may be reopened only "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). "Courts have interpreted this provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the initial hearing." United States v. Ward, 63 F. Supp. 2d 1203, 1206-07 (C.D. Cal. 1999) (citations omitted).

1

conclusion of her education program.  See travel.state.gov/content/travel/en/us-visas/study/student-visa.html. Instead of enrolling in school, as she swore that she would do in obtaining her student visa, defendant applied for asylum in October 2016, which was granted in May 2023.

**III. DEFENDANT WAS AND REMAINS A SERIOUS RISK OF FLIGHT**

Because there is no changed circumstance that materially bears on defendant's serious risk of flight, defendant should continue to be detained.

### A. Defendant's Proposed Bail and Arguments Do Not Materially Bear on Whether She Should Be Released

Defendant argues that there is a changed circumstance warranting her pretrial release based on Mr. Cai's willingness to sign an appearance bond.[2]  The proposed signature bond by Mr. Cai does not materially bear on defendant's risk of non-appearance.  Defendant has admitted that she has no family ties to the Central District. Defendant does not own property in the District, but is only a renter.  According to the PreTrial Services Report, defendant's roommate of less than a year reports that defendant has only been employed at the Commerce Casino for one year, while defendant asserts that she has been so employed for five or six years.  And there is no information concerning any relationship defendant may have with Mr. Cai.  It appears that Mr. Cai has a relationship with defendant's roommate, not with defendant herself.  (Sigal Decl., ¶ 2) ("Ms. Chen

---

[2] It is unclear what amount that appearance bond would be for because the amount identified in defendant's application is "$50,00". (Deft.'s Memo. at 5.)  Regardless, the government believes that no amount of an appearance bond can ensure defendant's appearance in court.

2

[defendant's roommate] has sought out and found an additional willing surety, Mr. Yu Cai.  Mr. Cai has indicated his willingness to sign as a surety on defendant's behalf.").

A signature bond – from any source – for a defendant who came to the United States under false pretenses, is a Chinese national, has family in China but no family ties to the district and very limited ties otherwise, is not sufficient to counter defendant's very real risk of flight.

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's application for release.