1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Vitaly B. Sigal, Esq. S.B.N. 198623
**SIGAL**
**LAW GROUP**
15250 Ventura Blvd., Suite PH-1220
Sherman Oaks, CA 91403
Telephone: (818) 325-0570
Facsimile: (818) 325-0571

Attorney for Defendant, JIAOZHU YAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 2:23-CR-00535(A)-SVW-6 |
| | ) | |
| | ) | **DEFENDANT'S REPLY TO** |
| V. | ) | **GOVERNMENT'S OPPOSITION** |
| | ) | **TO DEFENDANT JIAOZHU** |
| QIAN GO, *et al* | ) | **YAN'S NOTICE FOR MOTION** |
| | ) | **AND MOTION FOR** |
| JIAOZHU YAN (6) | ) | **SUPPRESSION OF EVIDENCE** |
| | ) | |
| | ) | DATE:        SEPTEMBER 30, 2024 |
| | ) | TIME:        11:00 A.M. |
| | ) | |
| | ) | [HON. STEPHEN V. WILSON] |

1

# TABLE OF CONTENTS

**I.    INTRODUCTION**.......................................................................................................1

**II.    ARGUMENNT** .........................................................................................................2

   A.    THE WARRANTS ARE DEFECTIVE ON THEIR FACE AND THE MATERIALS SEIZED
SHOULD BE SUPPRESSED. ..........................................................................................2

   B.    THE GOVERNMENT CANNOT NOW CLAIM A GOOD FAITH RELIANCE DUE TO THE
AXIOMATIC LACK OF PROBABLE CAUSE IN THE PROBABLE CAUSE AFFIDAVITS ...........4

   C.    THE DEFENDANT IS ENTITLED TO A FRANKS HEARING .............................................6

**III. CONCLUSION**..........................................................................................................7

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT JIAOZHU YAN'S NOTICE FOR
MOTION AND MOTION FOR SUPPRESSION OF EVIDENCE

# TABLE OF AUTHORITIES

**CASES**

*Brown v. Illinois*, 422 U.S. 590 (1975) ...................................................................................2

*Franks v. Delaware,* 438 U.S. 154 (1978) .............................................................................1

*Greenstreet v. County of San Bernadino*, 41 F.3d 1306 (9th Cir. 1994) ..........................4

*Herring v. United States*, 555 U.S. 135 (2009) ...................................................................5

*Illinois v. Gates*, 462 U.S. 213 (1983) .................................................................................3

*U.S. v. Runyan*, 275 F.3d 449 (5th Cir. 2001).....................................................................3

*United States v. DeLeon*, 979 F.2d 761 (9th Cir. 1992)......................................................6

*United States v. Gonzalez, Inc*., 412 F.3d 1102 (9th Cir. 2005) ........................................6

*United States v. Grant*, 682 F.3d 827 (9th Cir. 2012).........................................................4

*United States v. Hove*, 848 F.2d 137 (9th Cir. 1988)..........................................................4

*United States v. Laughton*, 409 F.3d 744 (6th Cir. 2005) ...................................................5

*United States v. Leon,* 468 U.S. 897 (1984)......................................................................1, 4

*United States v. Luong*, 470 F.3d 898 (9th Cir. 2006) ........................................................5

*United States v. Song Ja Cha*, 597 F.3d 995 (9th Cir. 2010).............................................2

*United States v. Underwood*, 725 F.3d 1076 (9th Cir. 2013) ............................................3

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT JIAOZHU YAN'S NOTICE FOR
MOTION AND MOTION FOR SUPPRESSION OF EVIDENCE

## I.    INTRODUCTION

The government in its opposition argues that the defendant is not entitled to a

hearing pursuant to *Franks v. Delaware,* 438 U.S. 154 (1978) *(Govt. Opp. Pg. 6)* and

that the fact that there was no indication of how the agents came to know the

defendant's name and address does not warrant suppression based on the good faith

exception established by *United States v. Leon,* 468 U.S. 897 (1984). *(Govt. Opp. Pg.*

*9).* The opposition, much like the three warrants at issue, does not state the missing

information that rendered them to be defective in the first place. The defendant seeks

suppression of the materials that were seized pursuant to the warrants and seeks a

*Franks* hearing only as a secondary remedy. Although the defendant posits the

government is incorrect in arguing that she is not entitled to *Franks* hearing, the

complete lack of probable cause in the warrants call for outright suppression and the

government should not be allowed to correct the errors in the probable cause affidavit.

///

///

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT JIAOZHU YAN'S NOTICE FOR
MOTION AND MOTION FOR SUPPRESSION OF EVIDENCE

## II.    ARGUMENNT

### A. THE WARRANTS ARE DEFECTIVE ON THEIR FACE AND the

### MATERIALS SEIZED SHOULD BE SUPPRESSED.

The government argues: "As set forth in the affidavit, database checks identified both defendant and her residence". (*Govt. Opp. Pg 3, Ln. 23*) "Because law enforcement identified defendant as a participant in an identity theft ring, established that identity (and defendant's address) through database checks, … was likely to be found at the locations to be searched, defendant's motion should be denied." (*Govt. Opp. Pgs. 4-5, Lns. 22-4, in pertinent part*). What both opposition and the warrants fail to state is what databases were used and what methods were used to obtain the information that led agents to ascertaining the defendant's name and address.

When a warrant has been issued in violation of the Fourth Amendment, the evidence obtained with the warrant must be suppressed and may not be used by the government at a later hearing or trial. The fruits flowing from the illegal conduct, both tangible and intangible, must also be suppressed. See *Brown v. Illinois*, 422 U.S. 590, 95 S. Ct. 2254, 45 L. Ed. 2d 416 (1975); *Wong Sun v. U.S.*, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963). In *United States v. Song Ja Cha*, 597 F.3d 995, 1003-04 (9th Cir. 2010), the court determined that the exclusionary rule applied where officers' unlawful warrant executions were found to be "deliberate, culpable, and systemic[.]" The Ninth Circuit has also upheld suppression partly on the ground that a police affiant "did not have a

2

supervisor or anyone else review, let alone approve, his affidavit." *United States v. Underwood*, 725 F.3d 1076, 1087-88 (9th Cir. 2013). It is the defendant's burden to prove a Fourth Amendment violation by a preponderance of the evidence. Once the defendant proves a Fourth Amendment violation, the burden shifts to the government to demonstrate why the exclusionary rule should not apply to the fruits of the illegal search or seizure. *U.S. v. Runyan*, 275 F.3d 449 (5th Cir. 2001).

The only information that the government knew about defendant after searching co-defendants' Guo and Cheung's residence was her picture and chat transcripts where the handle Yan was used. There is no doubt that the agents eventually ascertained her identity and address, otherwise the search would have never occurred, but that is not the standard for review. The information that led to the agents' knowing who defendant was and where she lived should have been included in the probable cause affidavits. Their exclusion is what makes the affidavits lacking in probable cause and what should lead to the exclusion of the materials seized. As the government states: "A search warrant is supported by probable cause if the issuing judge finds that, 'given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Underwood*, 725 F.3d 1076, 1081 (9th Cir. 2013) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)) (*Govt. Opp. Pg 7, Ln. 3*). The requirement to review all the circumstances set forth in the affidavit is why the warrants are *prima facie* invalid as the

3

facts of the affidavit do not state why the specific places and person to be searched will

lead to evidence of a crime, as there is no information as to how they came to know

who the defendant was or where she resided.

### B. THE GOVERNMENT CANNOT NOW CLAIM A GOOD FAITH RELIANCE DUE TO THE AXIOMATIC LACK OF PROBABLE CAUSE IN THE PROBABLE CAUSE AFFIDAVITS

The government states that: "The deterrent purpose of the exclusionary rule would

not be furthered by excluding evidence obtained by agents who, in good faith and after

a careful investigation, followed the procedures to obtain a search warrant." (*Govt. Opp.*

*Pg 11, Ln. 5*).

The level of probable cause may be insufficient for a reasonable officer to rely on the

warrant affidavit. *Leon*, 468 U.S. at 923; *Greenstreet v. County of San Bernadino*, 41

F.3d 1306, 1309-10 (9th Cir. 1994); *United States v. Hove*, 848 F.2d 137, 139 (9th Cir.

1988). Officers could not in good faith rely on a search warrant to investigate a

homicide, which occurred nine months earlier, where the affidavit provided insufficient

evidence to link the defendant to the murder. *United States v. Grant*, 682 F.3d 827, 832-

38 (9th Cir. 2012). The probable cause determination is based only on what is included

in the affidavit, not on what the officer orally conveyed to the magistrate, *United States*

4

*v. Luong*, 470 F.3d 898, 904 (9th Cir. 2006), nor what the officer may have known but failed to include, *United States v. Laughton*, 409 F.3d 744, 752 (6th Cir. 2005).

The same agent that submitted the probable cause affidavits, conducted and supervised the execution of the three warrants. The agent also knew how the government came by the missing information but failed to include it. There is no way for the defendant to know whether this was by reckless inadvertence or done so with intent to deceive because she was not privy the agent's thinking at the time of the preparation of the documents. What is notable is the fact that at no point in its opposition does the government address this issue, neither by declaration nor factual assertion. No matter the reason, the agents either knew or should have known about the omission and cannot now on rely on *Leon* to rescue a warrant that is manifestly lacking in probable cause.

The government cites *Herring v. United States*, 555 U.S. 135 (2009) to argue that the deterrence of wrongful police conduct would not be advanced by suppression of the seized materials and that "police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." (*Govt. Opp. Pg. 10, Ln. 22*). The agents knew the information that led to them to ascertain the defendant's name and address and did not include it in their affidavit. The price that the defendant is asking for them to pay is holding them to the requirement of stating probable cause prior to obtaining a warrant

5

and infringing on a person's right to privacy. That is a price that volumes of case law on the matter have stated is worth paying. The alternative would have the chilling effect of allowing law enforcement to cut corners and omit crucial information in their warrant application. The government seeks to keep both the court and the defendant in the dark about their techniques and the legality of their actions.

## C. THE DEFENDANT IS ENTITLED TO A FRANKS HEARING

If the court does not suppress the materials outright, defendant is entitled to *Franks* hearing despite the government's assertion (*Govt. Opp. Pg. 5, et seq.*).

Misstatements or omissions of government officials in an affidavit for a search warrant are grounds for a *Franks* hearing even if the official at fault is not the affiant. *United States v. DeLeon*, 979 F.2d 761, 763-64 (9th Cir. 1992). The defendant need not present clear proof that misrepresentations were deliberate or reckless in order to obtain a Franks hearing; all that is needed is a substantial showing. *United States v. Gonzalez, Inc.*, 412 F.3d 1102, 1111 (9th Cir. 2005).

///

///

6

## III.    CONCLUSION

For the reasons stated in the defendant's Motion to Suppress and the arguments set

for the in the instant reply, the materials seized as a s result of the three warrants at issue

should be suppressed, or in the alternative, the court should hold a *Franks* hearing.


Dated:        September 23, 2024

*SIGAL LAW GROUP*

_____

*VITALY B. SIGAL, ESQ.*
*ATTORNEY FOR DEFENDANT*

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT JIAOZHU YAN'S NOTICE FOR
MOTION AND MOTION FOR SUPPRESSION OF EVIDENCE